IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| ERIKA TREVINO, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | Case No. 5:16-cv-139 |
| REX TILLERSON, | § | |
| | § | |
| Defendant. | § | |
| | § | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant Rex Tillerson's[1] Motion to Dismiss Plaintiff Erika Trevino's mandamus claim under 38 U.S.C. §1361. (Dkt. 22). Plaintiff responded. (Dkt. 24).

Plaintiff, who believes she is a natural-born U.S. citizen and once held a U.S. Passport, sued the Secretary of State after her passport was revoked. She lists two causes of action in her complaint. First, she seeks a declaration that she is a U.S. citizen, pursuant to 8 U.S.C. §1503. Second, she seeks a writ of mandamus compelling Defendant either to re-issue her passport or give her an opportunity to further challenge the decision. Defendant seeks to dismiss the mandamus claim.

The Mandamus Act grants district courts original jurisdiction over "any action in the nature of mandamus to compel an officer or

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), current Secretary Rex Tillerson is automatically substituted for John Kerry, the original named defendant. The parties and the Clerk of the Court are DIRECTED to use the above heading in future filings.

employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 38 U.S.C. §1361. Three elements are required for a mandamus action: "(1) the plaintiff has a clear right to relief, (2) the defendant a clear duty to act, and (3) no other adequate remedy exists." Wolcott v. Sebelius, 635 F.3d 757, 768 (5th Cir. 2011).

Defendant argues that Plaintiff cannot meet any of the elements required for mandamus relief. In her response, Plaintiff addresses Defendant's arguments under the first two elements, but she does not address the argument that adequate relief is already available under 8 U.S.C. §1503. §1503 provides:

> If any person who is within the United States claims a right or privilege as a national of the United States and is denied such right or privilege by any department or independent agency, or official thereof, upon the ground that he is not a national of the United States, such person may institute an action . . . declaring him to be a national of the United States.

8 U.S.C. §1503. For §1503 to be an adequate alternative remedy, it must be "capable of affording full relief as to the very subject matter in question." Wolcott, 635 F.3d at 768. Typically, "mandamus may not be resorted to as a mode of review where a statutory method of appeal has been prescribed." Id.

The D.C. Circuit has found that "the alternative of a judicial declaration of nationality under 8 U.S.C. § 1503 is more than adequate to provide" the type of relief sought by Plaintiff. Cartier v. Sec'y of State, 506 F.2d 191, 200 (D.C. Cir. 1974).

Numerous district courts within the Fifth Circuit have followed Cartier,[2] and this Court agrees.

After all, §1503 is basically a means of appealing a decision to the district court. Plaintiff's passport was allegedly revoked on "the ground that [s]he is not a national of the United States." 8 U.S.C. §1503. If she succeeds in her §1503 claim and is declared a U.S. national, the State Department will no longer have a stated reason for revoking her passport and would be expected to return it.

## Conclusion

Because Plaintiff's §1503 claim is an adequate alternative remedy to mandamus, Defendant's motion (Dkt. 22) is GRANTED. Plaintiff's mandamus claim is DISMISSED. This case is returned to Magistrate Judge J. Scott Hacker for further proceedings.

DONE at Laredo, Texas, this 24th day of March, 2017.

_____
George P. Kazen
Senior United States District Judge

---

[2] E.g., Cavazos v. Kerry, 3:15-cv-0661-G, 2016 WL 4126142, at *4 (N.D. Tex. Aug. 3, 2016) (Fish, J.); Sanchez v. Clinton, H-11-2084, 2012 WL 208565, at *5 (S.D. Tex. Jan. 24, 2012) (Rosenthal, J.); Garza v. Clinton, H-10-49, 2010 WL 5464263, at *4 (S.D. Tex. Dec. 29, 2010) (Werlein, J.); Nelson v. Clinton, H-10-58, 2010 WL 5342822, at *10 (S.D. Tex. Dec. 21, 2010) (Atlas, J.); Tavera v. Harley-Bell, 09-cv-299, 2010 WL 1308800, at *4 (S.D. Tex. Mar. 31, 2010) (Ellison, J.). See also Parham v. Clinton, 374 F. App'x 503, 504 n.1 (5th Cir. 2010) (upholding a district court's holding that appellants failed to plead the necessary elements for mandamus).